UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:05CV137-EHJ

ONETA BARD                                                              PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Oneta Bard seeks disability insurance and supplemental security income benefits which were denied by the Commissioner. After thorough examination of the materials of record, the arguments of the parties and applicable authorities, the Court determines that the Decision of the Commissioner should be affirmed.

Ms. Bard claims that she became disabled as a result of chronic fatigue, chronic sinusitis, allergies, chronic ideopathic urticaria, migraines, inflammation, acid reflux, hiatal hernia, and breathing problems (Tr. 78). Administrative Law Judge Thomas Bryan ("ALJ") found that Ms. Bard suffers from severe impairments including asthma and allergies, but that the impairments do not meet or medically equal listed impairments (Tr. 21). The ALJ found plaintiff capable of performing a wide range of exertional work activity, but that she should avoid pulmonary irritants such as dust, gases, chemicals and fumes. Ms. Bard was found capable of returning to her past relevant work as a clothing store sales associate, a bank teller, and an accountant clerk at a college (Tr. 22-23). It is from this unfavorable Decision that plaintiff has appealed.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay v. Commissioner,

348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even though the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff contends that the ALJ's Decision is erroneous in the following areas: 1) the ALJ improperly rejected the treating physician's opinions that Ms. Bard is disabled from working due to her environmental illnesses including fibromyalgia, asthma, and chronic fatigue; 2) the ALJ's Decision is flawed because he did not call a vocational or medical expert in determining that plaintiff could return to her former work; and 3) contrary to the ALJ's Decision, plaintiff's counsel did in fact respond to the post-hearing consultative report and accordingly the case should be remanded for further consideration of counsel's response.

Ms. Bard was treated by Dr. Kristy Wells and later by nurse practitioner Cheri Fogle for her medical conditions. In addition, she was followed by two specialists. Dr. Slobodan Jugo is an

otolaryngologist who treated her for sinus problems and advised her to avoid working in environments with irritants (Tr. 172). Dr. Coutant is an allergist who performed allergy and pulmonary function tests, giving no restrictions upon plaintiff's exertional activities and noting normal pulmonary function results (Tr. 189, 198-199). In addition, the ALJ ordered a post-hearing consultative examination by Dr. David Heistand. Dr. Heistand found no basis for exertional limitations, only environmental limitations (Tr. 220); these findings are consistent with the opinions of Dr. Jugo, Dr. Coutant, and Dr. Wells' initial opinions.

Dr. Wells' treatment records indicate complaints of "multiple vague symptoms" including plaintiff's self-reporting low grade fevers (Tr. 131) which were never confirmed in the doctor's office (Tr. 215). (Notably absent from Dr. Wells' records are diagnoses and treatment of fibromyalgia and chronic fatigue syndrome, as urged by plaintiff.) Dr. Wells treated plaintiff's complaints as chronic seasonal allergies and prescribed medications for their management. With regard to plaintiff's claim that her illness was caused by black mold found in her workplace at Madisonville Community College, Dr. Wells specifically notes in the record that after an investigation, no harmful molds or microorganisms were found. Dr. Wells opined that Ms. Bard really should be able to work somewhere in an environment free of molds and pointed out that she suffered from sinus problems prior to working at Madisonville Community College (Tr. 131). After not having seen or treated Ms. Bard for over one year, Dr. Wells gave a deposition in which she contradicted these opinions by stating that Ms. Bard would not be able to work anywhere due to her allergy symptoms and frequent need for treatment (Tr. 215).

Plaintiff argues that the ALJ erroneously rejected the disabling opinions of Dr. Wells by finding them to be internally inconsistent, as well as inconsistent with other medical evidence of

record. At the heart of plaintiff's first objection is the ALJ's application of what is commonly called the "treating physician rule." She contends that her treating physician, Dr. Wells' disabling opinions should have been given controlling weight under this rule, which applies when a "treating source" renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

Plaintiff contends that it was error for the ALJ to reject the disabling opinions of Dr. Wells, as she is a treating physician and her assessment is not inconsistent with other substantial evidence in the record. The Court has thoroughly reviewed the record and concludes that the ALJ properly applied the treating physician rule. The ALJ articulated several reasons that the limiting opinions of Dr. Wells were not persuasive, stating:

> Dr. Wells's most recent statement assessment is not considered persuasive. The records do not reflect the degree of treatment discussed by the doctor in her deposition. Further, the deposition statement is contracted [sic] no [sic] only by the opinion of two specialists, but is also contradicted by her original statement that hte claimant could work in a clean environment. Both Dr. Coutant and Dr. Jugo indicated the claimant should avoid exposure to irritants, but otherwise were not limited. Pulmonary function testing has been normal. There are gaps in the treatment notes, indicating periods when the claimant's problems were less severe. Both the notes of the general practitioner and the specialist suggest the claimant's allergy problems are seasonal. The undersigned further notes that the consultative examiner found that the claimant had no exertional limitations and was only limited by her need to avoid exposure to pulmonary irritants. As [sic] Dr. Wells' second decision is not supported by objective medical signs and laboratory findings . . . . The undersigned gives the assessment less weight than the other four assessments of record (Tr. 22).

4

For the foregoing reasons, the Court finds that the ALJ's refusal to give Dr. Wells' disabling opinions controlling weight is adequately supported by substantial evidence of record and comports with applicable law.

Plaintiff next argues that the Decision is flawed because the ALJ did not call a vocational or medical expert in determining that plaintiff could return to her former work. This case was not a fifth step denial, the step at which the burden is upon the Commissioner to show that there exist a significant number of jobs the plaintiff can still perform, despite an inability to return to previous work. Instead, the burden was upon the plaintiff to prove that she could not return to any of her previous work. Plaintiff introduced no evidence that would preclude her previous work as a clothing store sales associate, bank teller or accounting clerk. Simply put, plaintiff has failed to demonstrate her inability to return to her previous kinds of work, <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).

Finally plaintiff's counsel takes issue with the ALJ's statement that plaintiff was given the opportunity to request a new hearing and to proffer additional evidence in light of the consultative report, but failed to respond. Counsel for plaintiff notes that he did in fact respond to the post-hearing consultative report and accordingly the case should be remanded for further consideration of counsel's response. The Court has reviewed counsel's response to the consultative report and finds that it does not contain new evidence for consideration by the ALJ. It is primarily plaintiff's counsel's own summary and argument against the findings of the consultative examiner, and attaches an article which had been previously filed of record. The Court finds nothing in the response that would necessitate a remand for further consideration.

The ALJ has complied with applicable law in stating sufficient reasons to reject the largely unsupported disabling deposition opinion testimony of Dr. Wells. The ALJ's findings are supported by substantial evidence and are entitled to this Court's deference.

A Judgment in conformity with this Memorandum Opinion has this day been entered.